Moss *v.* STATE.

Opinion delivered April 13, 1931.

*C. T. Bloodworth* and *O. T. Ward,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

SMITH, J. This appeal is from a judgment of the Clay Circuit Court, Eastern District, sentencing appel-

lant to a term in the State penitentiary for selling intoxicating liquor. A reversal is asked upon two grounds, first, the insufficiency of the evidence, and, second, the admission of certain testimony alleged to be incompetent.

The first assignment of error is disposed of when it is said that Richard Benson, a barber in Rector, testified that on Christmas day, a year before the trial, which occurred at the January, 1931, term of the court, he bought from the defendant, at the defendant's home in Rector, a half-pint of whiskey, for which he paid the defendant 75 cents.

The testimony the admission of which is assigned as error is to the following effect. G. N. Deniston, the marshal of the city of Rector, testified that he had searched the home of defendant under the authority of search warrants, and on one occasion found a pint of liquor in a tea-kettle, and on another some empty bottles which had once contained beer.

It is insisted that the admission of this testimony is error, for the reason that it was not shown when the searches were made, and that they may, therefore, have been made at a time so remote from the alleged sale as to have no bearing upon that transaction. The defendant admitted that he had no occupation, and that he had only lived in Rector for about two years. The alleged sale was made December 25, 1929, and the trial was had in January, 1931, so that the searches, whenever made, were made within less than a year of the date of the sale.

The prosecuting attorney should have interrogated the marshal as to the dates of the searches, and the court should not have admitted testimony showing what was found as a result of the searches unless it had been shown that the searches were so related to the sale in point of time as to have some probative bearing upon the question as to whether the defendant had liquor for sale at about the time of the alleged sale. But, while this showing was not directly made, as it should have been, it was indirectly made in the testimony above recited to the effect that appellant had lived in Rector for only

about two years, and he was tried in January, 1931, for an offense alleged to have been committed on December 25, 1929, and a search of appellant's house at any time prior to the date of the alleged sale would be within a year thereof, and we are unable to say that it is so remote in point of time as to have no probative value. We are of the opinion, therefore, that no prejudicial error was committed in admitting this testimony, and, as no other error is assigned, the judgment must be affirmed, and it is so ordered.